## The United States District Court for the District of Columbia

|  |  |  |
|---|---|---|
| **FAYE ZHENGXING** ) | | |
| 3736 10th Ave. ) | | |

FAYE ZHENGXING )
3736 10th Ave. )
Apt. 2H )
New York, NY 10034 )
212-567-2713 )
)
          **Plaintiff** )
)
V. )          Case No: <u>07-1918</u>
)
THE US PATENT AND )
TRADEMARK OFFICE )          Judge: <u>RWR</u>
Commissioner for Patents )
P.O. Box. 1450 )
Alexandria, VA 22323-1450 )
571-272-0620 )
)
          **Defendant** )
)
)

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR EXTENTION OF TIME TO FILE REPLY

Pursuant to Rule 1 – Scope and Purpose of Federal Rules of Civil Procedure:

"These rules govern the procedure in all civil actions and proceedings in the

United States district courts, except as stated in Rule 81. They should be

construed and administered to secure the <u>just, speedy, and inexpensive</u>

<u>determination of every action and proceeding</u>," Plaintiff opposes Defendant's

motion for enlargement of time to file its reply orally and now in writing,

because:

**RECEIVED**

FEB - 5 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

1) "There is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See Federal Rules of Civil Procedure Rule 56 (c).* Plaintiff has established the facts and liability in her statement of material facts or the proposed finding of uncontroverted facts. *See Plaintiff's Motion for Summary Judgment and Plaintiff's Memorandum of Points and Authorities to Oppose Defendant's Motion to Dismiss and Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment , p. 14-16.*

2) Defendant's challenge to the jurisdiction of this Court over Plaintiff's complaint is groundless and was completely rebutted by Plaintiff. *See Plaintiff's Memorandum of Points and Authorities to Oppose Defendant's Motion to Dismiss and Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment, p. 6-13.*

3) Defendant's Opposition to Plaintiff's Motion for Summary Judgment did not "set out specific facts showing a genuine issue for trial." "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." *See Federal Rule of Civil Procedure Rule 56 (e) (2).*

4) Plaintiff questions the validity of Defendant's entire Motion to Dismiss and Opposition to Plaintiff's Motion for Summary Judgment which was filed after its

2

deadline. Since Defendant did not present any excusable reason for its delay and there

is no genuine issue to continue its argument, Defendant's motion for extension of time

can only be construed as obstruct of justice when the 87-year-old major inventor with

lung cancer is desperately waiting for justice to survive physically and mentally. *See*

*Doctor's diagnosis on Defou Fei attached to the Memorandum of Points and*

*Authorities to Oppose Defendant's Motion to Dismiss and Reply to Defendant's*

*Opposition to Plaintiff's Motion for Summary Judgment.*

5) Pursuant to Federal Rules of Civil Procedure Rule 54 (d) (1), Plaintiff has to

request further compensation including the interest based on the original damages,

more litigation related cost, more relief for Plaintiff's further mental anguish or

suffering, and especially more punitive damages if Defendant groundlessly and

intentionally stalls Plaintiff's justified relief.

In view of all the above, Plaintiff respectably requests that Defendant's Motion for

Extension of Time to File Reply be denied and Plaintiff's Motion for Summary

Judgment be granted.

Dated: Feb. 4, 2008.

Faye Zhengxing, Ph.D.
20 Chesapeake Street, SE
Apt. 33
Washington, DC 20032

## The United States District Court for the District of Columbia

| | |
|---|---|
| FAYE ZHENGXING )<br>3736 10th Ave. )<br>Apt. 2H )<br>New York, NY 10034 )<br>212-567-2713 )<br> )<br>          **Plaintiff** )<br> )<br>V. )<br> )<br>THE US PATENT AND )<br> )<br>TRADEMARK OFFICE )<br>Commissioner for Patents )<br>P.O. Box. 1450 )<br>Alexandria, VA 22323-1450 )<br>571-272-0620 )<br> )<br>          **Defendant** )<br> )<br> ) | Case No: 07-1918<br><br>Judge: RWR |

Notice on Change of Address

Recently Plaintiff has been attacked at home by a kind of electric charge and radiation. According to the local police, it was done by a federal agent. This kind of electric attack causes stuffy chest, lymph node pain, headache and other physical problems. Before a formal investigation starts, Plaintiff thus has to move back to her home in Washington DC with her father. The address thus is changed from 3736 10th Ave. Apt. 2H, New York, NY 10034 to 20 Chesapeake Street, SE, Apt. 33 Washington, DC 20032..

Dated: Feb. 4, 2008.

Faye Zhengxing, Ph.D.
20 Chesapeake Street, SE
Apt. 33
Washington, DC 20032

NO: 07-1918 ( RWR )

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

Faye Zhengxing --- Plaintiff

VS.

The US Patent and Trademark Office --- Defendant

Certificate of Service

I, Plaintiff, hereby certify under penalty of perjury that on this 4th Day of Feburary, 2008, a copy of Plaintiff's Opposition to Defendant's Motion for Extension of Time to File Reply and Notice of Change of Address were mailed to Defendant at the following address:

Rhonda C. Fields

Assistant US Attorney

Civil Division

555 Fourth Street, NW

Washington, DC 20530

Executed on Feb. 4, 2008.

Faye Zhengxing, Ph.D.

20 Chesapeake Street, SE

Apt. 33

Washington, DC 20032