UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FAYE ZHENGXING, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Civil Action No. 07-1918 (RWR) |
| UNITED STATES PATENT AND TRADEMARK OFFICE, | ) ) ) ) ) | |
| Defendant. | ) ) | |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, United States Patent and Trademark Office ("USPTO"), hereby replies in support of its motion to dismiss, brought under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). In sum, plaintiff's opposition ("Oppos.") fails to establish subject matter jurisdiction for this Court. Accordingly, for the reasons set forth in defendant's motion to dismiss and below, this Court should dismiss plaintiff's Complaint.

1.  Plaintiff asserts that 28 U.S.C. § 1338(a) establishes jurisdiction for this Court with respect to her Complaint, which seeks $450 million in damages for the alleged unlawful "abandonment" of her patent application. Oppos. at 1-2, 12; Complaint at 24-25. Plaintiff is incorrect. This statute reads in pertinent part: "The district courts shall have original jurisdiction of any civil action *arising under any Act of Congress relating to patents*, plant variety protection, copyrights and trademarks." 28 U.S.C. § 1338(a) (emphasis added). However, neither the Complaint nor plaintiff's opposition identifies any Act of Congress that waives sovereign

immunity for suing the USPTO for money damages stemming from the USPTO's alleged abandonment of a patent application. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit"); *United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("'The United States, as sovereign, is immune from suit save as it consents to be sued.'") (citation omitted). Plaintiff mentions 35 U.S.C. § 133 (Oppos. at 2), which in no way waives sovereign immunity, but rather exclusively concerns an *applicant's* time period to prosecute a patent application in the USPTO.

Neither 28 U.S.C. § 1338(a) nor 35 U.S.C. § 133 waives sovereign immunity. *See Lane v. Pena*, 518 U.S. 187, 192 (1996) ("A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text"). Similarly unavailing are the other statutes plaintiff cites (Oppos. at 12), namely, 35 U.S.C. § 316 (only concerning *inter partes* patent reexamination) and 35 U.S.C. § 146 (only concerning patent interference proceedings at USPTO and subsequent judicial review). None of these statutes waives immunity to sue the USPTO at all, much less for money damages for an alleged abandonment of a patent application.

In sharp contrast, when Congress waives immunity for suing the USPTO, it clearly does so. *See, e.g.*, 35 U.S.C. § 32 (a person disciplined by the USPTO as a member of its bar may sue the USPTO in the U.S. District Court for the District of Columbia); 35 U.S.C. § 145 (a patent applicant dissatisfied with a USPTO Board decision may sue the USPTO in the U.S. District Court for the District of Columbia); 35 U.S.C. § 154(b)(4)(A) (an applicant dissatisfied with a USPTO decision regarding the patent term adjustment of an allowed application may sue the USPTO in the U.S. District Court for the District of Columbia). Thus, since plaintiff has cited no statute which waives the USPTO's immunity from suit, her claims must be dismissed.

*See United States v. Testan*, 424 U.S. 392, 399 (1976) (a waiver of sovereign immunity must be clear); *United States v. Sherwood*, 312 U.S. 584, 590 (1941) (same). *Accord Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("party invoking federal jurisdiction bears the burden of establishing [it]"); *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 102 (1998) ("Article III, § 2, of the Constitution extends the 'judicial power' of the United States only to 'Cases' and 'Controversies'").

    2.    Plaintiff alleges defendant engaged in "<u>intentional</u> retaliation and <u>deliberate</u> obstruction of justice." Oppos. at 8 (emphasis in original). See also Oppos. at 6-7 ("Defendant abandoned [plaintiff's] application <u>intentionally</u> rather than out of negligence") (emphasis in original). Thus, it appears plaintiff is bringing an intentional tort claim against the USPTO for $450 million in damages. However, as defendant discussed in its Memorandum in Support of its Motion to Dismiss (at 10-12), Congress has clearly mandated that a claim of that type must be (i) presented first to the defendant-agency (ii) for its consideration. 28 U.S.C. § 2675(a) (tort claim procedure within an agency must be exhausted by the plaintiff prior to bringing suit against the United States). No such claim was filed with the defendant. Accordingly, this Court lacks subject matter jurisdiction over plaintiff's premature claim filed in the first instance with this Court. *See, e.g., Singleton v. Dept. of Army*, 2007 WL 2601934, at *3 (D.D.C. Sept. 6, 2007).

    3.    In a somewhat contrasting vein, plaintiff vigorously asserts she "did not file this case as a tort claim." Oppos. at 9. See also Oppos. at 10 ("Again, Plaintiff denies that this is a tort claim"). For her claims, plaintiff seeks $450 million in damages. As to any non-tort claim brought, however, the high amount claimed in this Court is barred by the Little Tucker Act. 28 U.S.C. § 1346(a)(2) (capping non-tort claims at $10,000 for the district courts). Thus, in

addition to any such claim being barred by the doctrine of sovereign immunity, *supra*, plaintiff's claim for $450 million is expressly barred by the Little Tucker Act.  *See* 28 U.S.C. § 1491(a) (permitting certain higher monetary claims to be brought in the U.S. Court of Federal Claims); *United States v. Hohri*, 482 U.S. 64, 67 n.1 (1987) ("Jurisdiction in district courts under the Little Tucker Act is limited to nontort claims not exceeding $10,000").

4.       Finally, even though plaintiff now discusses in part the USPTO's decision dated September 28, 2007 (Oppos. at 3-5, 14-16), she in no way has brought a claim in her Complaint challenging the merits of that decision.  The reply herein addresses the claims plaintiff brought in her Complaint, which does not seek judicial review of the foregoing agency decision.

For the above reasons and those set forth in defendant's motion to dismiss, defendant's motion should be granted, plaintiff's motion for summary judgment should be denied, and this action should be dismissed.

        Respectfully Submitted,

        _____/s/_____
        JEFFREY A. TAYLOR, D.C. Bar #498610
        United States Attorney

        _____/s/_____
        RUDOLPH CONTRERAS, D.C. Bar #434122
        Assistant United States Attorney

        _____/s/_____
        RHONDA C. FIELDS
        Assistant United States Attorney
        Civil Division
        555 Fourth Street, N.W.
        Washington, D.C.  20530
        202/514/6970
        Facsimile: (202) 514-8780

*Of Counsel*:
Stephen Walsh
Acting Solicitor, U.S. Patent and Trademark Office
Benjamin D. M. Wood
Joseph G. Piccolo
Associate Solicitors

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 19th day of February, 2008, a copy of the foregoing Defendant's Reply in Support of its Motion to Dismiss was mailed, postage prepaid to plaintiff pro se

FAYE ZHENGXING
3736 10th Avenue
Apartment 2H
New York, NY 10034

and

FAYE ZHENGXING
20 Chesapeake Street, S.E.
Apt. 33
Washington, D.C. 20032

 

_____
Rhonda C. Fields
Assistant United States Attorney