**RECEIVED**

The United States District Court for the District of Columbia    MAR 1 2 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| FAYE ZHENGXING ) | |
| 20 Chesapeake St. SE. ) | |
| Apt. 33 ) | |
| Washington, DC 20032 ) | |
| 646-826-9930 ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| V. ) | Case No: 07-1918 |
| ) | |
| THE US PATENT AND ) | |
| TRADEMARK OFFICE ) | Judge: RWR |
| Commissioner for Patents ) | |
| P.O. Box. 1450 ) | |
| Alexandria, VA 22323-1450 ) | |
| 571-272-0620 ) | |
| ) | |
| Defendant ) | |
| ) | |

## PLAINTIFF'S REBUTTAL AGAINST DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant's Reply In Support of Its Motion to Dismiss is its further effort to create jurisdiction hurdles against Plaintiff by confusing this Court and Plaintiff with those clear-cut issues such as USPTO's waived sovereign immunity and other specifics in the federal tort law, and Tuck Act. Defendant's pleading so far has further obstructed justice in violation of Rule 1 of Federal Rules of Civil Action, which states: "These rules govern the procedure in all civil actions and proceedings in the United States district courts, except as stated in Rule 81. They should be construed and administered to secure the just, speedy, and inexpensive determination of every action and

1

proceeding."

More specifically, Plaintiff rebuts Defendant's Reply as follows:

1. <u>Congress clearly waived USPTO's sovereign immunity</u>:

In its Reply in Support of Its Motion to Dismiss, Defendant purposefully distorted the law by stating that none of laws Plaintiff cited "waives the sovereign immunity for suing the USPTO for money damages stemming from the USPTO's alleged abandonment of a patent application. *See Reply p. 1-3.*

To the contrary, Congress made the law very clear and specific that USPTO's sovereignty immunity is waived for civil actions. Title 35, Part II, Chapter 13, Sec. 146 states, "Any party to an interference dissatisfied with the decision of the Board of Patent Appeals and Interferences on the interference, <u>may have remedy by civil action</u>...unless he has appealed to United States Court of Appeals for the Federal Circuit.." In other words, the applicants can not only challenge the USPTO's decision on his/her application, he/she can also pursue remedy or loss caused by the unlawful practice by USPTO during its examination and approval of his/her application.

Similarly and clearly, Congress waived the sovereign immunity of USPTO through Title 35, Part II, Chapter 13, Sec. 145, which states, "An applicant dissatisfied with the decision of the Board of Patent Appeals and Interferences in an appeal under section 134 (a) of this title may, unless appeal has been taken to the United States Court of Appeals for the Federal Circuit, <u>have remedy by civil action against the Director in the United States District Court for the District of Columbia</u> if commenced within such time after such decision, not less than sixty days, as the Director

2

appoints."

Following the due process meticulously, Plaintiff first presented its complaint or petition to the Director of USPTO pursuant to 37 CFR §1.181 to request damages. It is Defendant, the Director of USPTO, who asked the Director of Technology Center of USPTO to respond to Plaintiff's petition and cited 37 CFR § 1.144 as if the focus of the argument were the restriction requirement rather than the unlawful abandonment of Plaintiff's application. Apparently Defendant's strategy is to change the subject and to shift the liability to applicants.

The Act of Congress relating to patent on civil actions against USTPO is Patent Reform of 2007 (H.R. 1908) Sec. 146 (10) (A): "the Patent Trial and Appeal Board of the United States Patent and Trademark Office with respect to patent applications, derivation proceedings and post-grant review proceedings, at the instance of an applicant for a patent or any party to a patent interference (commenced before the effective date of the Patent Reform Act of 2007), derivation proceeding, or post-grant review proceeding, and any such appeal shall waive any right of such applicant or party to proceed under section 145 or 146 of title 35."

After Defendant denied Plaintiff's petition, Plaintiff, in compliance with Title 35, Part II, Chapter 13, Sec. 145, filed this suit as numbered above at the District Court for DC on Oct. 24, 2007 within 60 days after the denial by USPTO's Director.

Patent Reform Act of 2007 (H.R. 1908) Sec. 10 (b) spells out the jurisdiction of District Court for DC more clearly over this claim: "Any civil action arising under any Act of Congress relating to patents, other than an action for declaratory judgment

or an action seeking review of a decision of the Patent Trial and Appeal Board under Chapter 13 of title 35, may be brought only -- (1) in the judicial district where either party resides; or (2) in the judicial district where the defendant has committed acts of infringement and has a regular and established place of business." Since Plaintiff resides in Washington DC and Defendant's unlawful abandonment of Plaintiff's application has allowed willful infringement of rights after this invention was published in 2005. Plaintiff filed this complaint at the right court, in the right time and under the right law.

2. FTCA does not include intentional tort:

When Plaintiff denied that this is a tort case since Defendant intentionally abandoned her application after it had passed USPTO's examination. Defendant alleged: "it appears plaintiff is bringing an intentional tort claim against USPTO for $450 million in damages." *See Reply p. 3*. Federal Tort Claims Act grants jurisdiction for actions on monetary claims for injury, property loss or death "caused by the negligent or wrongful act or omission of any employee of the Government." *See 28 U.S.C. § 1346(b)*. This language, broad as it is, is limited to negligence actions and does not grant jurisdiction for suits seeking to hold the United States liable on strict or absolute liability theories." See *Laird v. Nelms, 406 U.S. 797 (1972); Borquez v. United States, 773 F.2d 1050 (9th Cir. 1985)*.

Among the exceptions to the FTCA most frequently applied are the "discretionary function" exception, 28 U.S.C. § 2680(a), and the exceptions for several specific

4

kinds of torts, including intentional torts such as libel, slander, misrepresentation, deceit, and interference with contract rights. *See 28 U.S.C. § 2680(h)*.

The Supreme Court reaffirmed the vitality of the discretionary function exception in Varig, in which the Supreme Court ruled that the discretionary function exception barred an FTCA suit for negligent certification of an aircraft.

Section 2680(h) bars suits under the FTCA which allege assault, false imprisonment, and other intentional torts, with the proviso that the United States may be sued for certain intentional torts when the tortfeasor is an investigative or law enforcement officer. "Investigative or law enforcement officer" is defined to be any officer of the United States "who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." Apparently, USPTO is not an investigative or law enforcement institute. In short, this is not a tort case or intentional tort case.

3. <u>The $ 10,000 damages limit in Tuck Act does not apply to patent case at the district court:</u>

To create another jurisdiction issue to have Plaintiff's case dismissed, Defendant asserted, "As to any non-tort claim brought, however, the high amount claimed in this Court is barred by the Little Tucker Act, 28 U.S.C. §1346 (a) (2)." *See Reply p. 3*. 28 U.S.C. §1346 (a) states, "The district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

(2) Any other civil action or claim against the United States, not exceeding $10,000 in amount, founded either upon the Constitution, or any Act of Congress, or any

regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort, except that the district courts shall not have jurisdiction of any civil action or claim against the United States founded upon any express or implied contract with the United States or for liquidated or unliquidated damages in cases not sounding in tort which are subject to sections 8(g)(1) and 10(a)(1) of the Contract Disputes Act of 1978.

The Tuck Act in fact states that when the district courts shares the jurisdiction with the United States Court of Federal Claims on contract claims, the damages sought at the district court should not be above $10,000. Since patent cases should not be filed under Tuck Act, there should be no limit of $10,000 damages in patent cases filed in the district court.

4. <u>Plaintiff challenged the decision by USPTO systematically and unequivocally</u>: Plaintiff's complaint filed at this Court is actually an appeal against the decision by USPTO. In her complaint, Plaintiff systematically challenged Defendant's decision by stating "This denial further indicates that Defendant did not have any sincerity to respect the law and resolve this case. For instance the Director changed the focus of argument from its unlawful abandonment of this application to the restriction requirement when the Director summarizes the petition as 'requesting withdrawal of an improper restriction requirement.'" *See compl. P. 9-10*.

In her Argument of the complaint, Plaintiff summarizes Defendant's obstruction of justice in three respects: 1) Defendant's self-contradictory restriction requirement

6

(Defendant approved Plaintiff's application in 2005 and then sent Plaintiff more restriction requirements in 2007; 2) Defendant's unlawful practice in its patent examination procedure (abandon Plaintiff's application after it was published and after it passed Defendant's examination); 3) Defendant's faultfinding attitude to shift the responsibility to applicants. *See compl. P. 9-24.*

Not only did Defendant fail to present a strong defense, it also violated the local rules time and again to make its defense invalid. As Plaintiff pointed out in her Motion for Time Extension to Rebut Defendant's Reply in Support of Its Motion to Dismiss, her first version of this motion was either stolen from the Court or returned by the US Post Office. Plaintiff had to file the same motion again and physically delivered to the Court and Defendant's counsel on March 4, 2008.

Another example of Defendant's unlawful practice in the l procedure is to deprive Plaintiff the legitimate time and right to respond to its Reply filed on Feb. 19, 2008 by deliberately sending and forwarding its document to Plaintiff's address in NY after Defendant received Plaintiff's notice for change of address to her DC address. Moreover, Defendant broke the local rule and made its pleading invalid by filing its first defense two days after its deadline which Defendant did not deny in its late pleading; Defendant then failed to file its Reply on the extended date Feb. 18, 2008 Defendant itself had requested and this Court had allowed.

In sum, Defendant has failed in its legal pleading and procedure. Its defense should be dismissed as invalid and insubstantial, as well as lack of good faith. In case Defendant continues to stall this clear cut case and deprives Plaintiff (especially the 87-year-old

7

major inventor with lung cancer) of their relief to survive, Plaintiff has to request more damages, pursuant to Federal Rules of Civil Procedure Rule 54 (d) (1), including the interest based on the original damages, more litigation related cost, more relief for Plaintiff's further mental anguish or suffering, and especially more punitive damages.

In view of all the above, Plaintiff requests respectably that her motion for summary judgment be granted and Defendant's entire defense be dismissed.

Dated: March 13, 2008.

Faye Zhengxing, Ph.D.
20 Chesapeake Street, SE
Apt. 33
Washington, DC 20032
2-646-826-9930

8

NO: 07-1918 ( RWR )

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

Faye Zhengxing --- Plaintiff

VS.

The US Patent and Trademark Office --- Defendant

### Certificate of Service

I, Plaintiff, hereby certify under penalty of perjury that on this 13th Day of March, 2008, a copy of Plaintiff's Rebuttal against Defendant's Reply in Support of Its Motion to Dismiss was delivered to Defendant at the following address:

Rhonda C. Fields

Assistant US Attorney

Civil Division

555 Fourth Street, NW

Washington, DC 20530

Executed on March 13, 2008.

Faye Zhengxing, Ph.D.

20 Chesapeake Street, SE

Apt. 33

Washington, DC 20032

Phone: 646-826-9930