UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
FAYE ZHENGXING,                          )
                                         )
                    Plaintiff,           )
                                         )
        v.                               )          Civil Action No. 07-1918 (RWR)
                                         )
UNITED STATES PATENT                     )
AND TRADEMARK OFFICE,                    )
                                         )
                                         )
                    Defendant.           )
_____ )

DEFENDANT'S OPPOSITION TO PLAINTIFF'S APPLICATION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION FOR IMMEDIATE
PHYSICAL PROTECTION AND FINANCIAL RELIEF

Defendant respectfully submits this opposition to plaintiff's motion for a temporary

restraining order and preliminary injunction for immediate physical protection and financial

relief.

Introduction

On October 24, 2007, plaintiff filed a complaint in this court requesting monetary

damages from the United States Patent and Trademark Office (USPTO) in relation to a patent

application.   Docket No. 1.  On January 2, 2008,   plaintiff filed a motion for summary

judgment. Docket No. 5.  On January 14, 2008, defendant filed a motion to dismiss for lack of

jurisdiction and opposition to plaintiff's motion for summary judgment (motion to dismiss).

Docket No. 6,7.

On April 14, 2008 plaintiff filed the instant application.     In the application, plaintiff

alleges she needs immediate physical protection and financial relief.   Application at p. 2 and fn2.

She alleges, among other matters, that an Assistant United States Attorney in another District has masterminded a plot to conceal a United States Supreme Court ruling concerning one of her prior civil rights cases, sent millions of dollars of her money to China, and is causing a secret weapon involving an electric charge to be used to physically harm and kill plaintiff and her elderly father. Application at p. 3-13.

Plaintiff has failed to meet any of the established requirements for preliminary injunctive relief. Plaintiff cannot show a substantial likelihood of success on the merits; a preliminary injunction as to the USPTO is not necessary to prevent irreparable injury; the potential harm to defendant outweighs any potential harm to others; and the public interest does not favor issuance of an injunction. Thus, Plaintiff's application for injunctive relief must be denied.

## PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTIVE RELIEF SHOULD BE DENIED

### A.    Standard for Injunctive Relief

The decision whether to grant preliminary injunctive relief under Federal Rule of Civil Procedure 65 is reserved to the sound discretion of the Court. Fed. R. Civ. P. 65(a). The Court's exercise of this discretion is subject to the admonition of the Supreme Court that an injunction should issue only when the intervention of a court of equity "is essential in order effectually to protect property rights against injuries otherwise irremediable." Weinberger v. Romero-Barcelo, 455 U.S. 305 (1982). It is well settled that injunctive relief is an extraordinary remedy, and that the party seeking it has a substantial burden of proof. American Coastal Line Joint Venture v. United States Lines, Inc., 580 F. Supp. 932, 935 (D.D.C. 1983). See also Sea Containers Ltd. v.

Stena AB, 890 F.2d 1205, 1208 (D.C. Cir. 1989); Virginia Petroleum Jobbers Ass'n v. Federal

Power Comm'n, 259 F.2d 921, 925 (D.C. Cir. 1958).

      To be entitled to the extraordinary remedy of injunctive relief, a plaintiff must show that:

(1) she has a substantial likelihood of prevailing on the merits of its claims; (2) a preliminary

injunction is necessary to prevent her from suffering irreparable injury; (3) the threatened injury

to the plaintiff outweighs the possible harm to others; and (4) the public interest favors issuance

of the injunction.  Sea Containers, 890 F.2d at 1208; Washington Metropolitan Area Transit

Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir. 1977); Virginia Petroleum, 259

F.2d at 924-25.  These factors "interrelate on a sliding scale and must be balanced against each

other.  'If the arguments for one factor are particularly strong, an injunction may issue even if the

arguments in the other areas are rather weak.'"  Serono Laboratories, Inc. v. Shalala, 158 F.3d

1313, 1318 (D.C. Cir. 1999), (quoting CifiFed Fin. Corp. v. Office of Thrift Supervision, 58 F.3d

738, 746 (D.C. Cir. 1995)).  By the same token, if the plaintiff makes a weak showing on one

factor, the other factors may not be enough to compensate.  Barton v. District of Columbia, 2002

U.S. Dist. LEXIS 15494, at *18 (D.D.C. 2002) (citing Taylor v. RTC, 56 F.3d 1497, 1506 (D.C.

Cir.), amended on other grounds on reh'g, 66 F.3d 1226 (D.C. Cir. 1995)).

      When a plaintiff seeks a preliminary injunction that would *alter* the status quo, rather

than preserve it, she "faces an additional hurdle because it seeks a mandatory injunction as

opposed to a prohibitive injunction."  Mylan Pharmaceuticals, Inc. v. Shalala, 81 F. Supp. 2d 30,

36 (D.D.C. 2000).  The purpose of a preliminary injunction is to "preserve the relative positions

of the parties until a trial on the merits can be held."  University of Texas v. Camenisch, 451 U.S.

390, 395 (1981).  Therefore, "where an injunction is mandatory - that is, where its terms would

alter, rather than preserve, the status quo by commanding some positive act - the moving party must meet a higher standard than in the ordinary case by showing 'clearly' that he or she is entitled to relief or that 'extreme or very serious damage' will result from the denial of the injunction."  Phillip v. Fairfield Univ., 118 F.3d 131, 133 (2d Cir. 1997);  see also Columbia Children's Hosp. for Women Found., Inc. v. Bank of Tokyo-Mitsubishi, Ltd., 15 F. Supp. 2d 1, 4 (D.D.C. 1997), aff'd, 159 F.3d 636 (D.C. Cir. 1998).

In this Circuit, courts have held that "the power to issue a preliminary injunction, especially a mandatory one, should be sparingly exercised."  Dorfmann v. Boozer, 414 F.2d 1168, 1173 (D.C. Cir.1969).  Compare Stanley v. University of Southern Cal., 13 F.3d 1313, 1319 (9th Cir. 1994) ("[W]here a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction."); SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096, 1098-99 (10th Cir. 1991) (those injunctions that alter the status quo, and those that afford the movant substantially all the relief he may recover at the conclusion of a full trial on the merits "are disfavored and they require that the movant satisfy an even heavier burden of showing that the four factors listed above weigh heavily and compellingly in movant's favor before such an injunction may be issued.")

**B.      Plaintiff Cannot Meet Her Burden of Demonstrating a Substantial Likelihood of Success on the Merits**

Plaintiff's claims likely will fail on the merits for several reasons.  First, as is shown in defendant's motion to dismiss, plaintiff cannot establish that this Court has subject matter

jurisdiction over her underlying case against the USPTO, nor can she establish a right to summary judgment in her underlying case against the USPTO.  Compare Lujan, 504 U.S. at 561 (because proper jurisdiction is not merely a pleading requirement, "but rather an indispensable part of the plaintiff's case, each element [of subject matter jurisdiction] must be supported in the same way as any other matter on which the plaintiff bears the burden of proof.").

Second, plaintiff's current application fails to allege any cause of action against the USPTO because she has failed to allege any involvement by the USPTO in the alleged plot to harm her.   Third, plaintiff also has failed to establish that this Court has any subject matter jurisdiction to grant her the relief requested, i.e. physical protection and "the compensation President Bush approved in 2005 and 2006 to settle her civil rights claims . . . filed at the US Court of Federal Claims. . . ."   Application at p. 2.  See, e.g., Hagans v. Lavine, 415 U.S.  528, 536-38 (1974) (federal courts lack jurisdiction to entertain patently insubstantial conspiracy theories); Moore v. Bush, 535 F. Supp. 2d  46 (D.D.C.2008)(same; citing authorities); Bestor v. Lieberman, 2005 WL 681460 (D.D.C.)(RWR)(same; citing authorities).


**C.     Plaintiff Has Failed to Show That She Would Suffer Irreparable Harm Absent an Injunction**

The "basis for injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies."  Wisconsin Gas Co. v. FERC, 758 F.2d 669, 674 (D.C. Cir. 1985) (quoting Sampson v. Murray, 415 U.S. 61, 88 (1974)).  To constitute irreparable harm, "the injury must be both certain and great; it must be actual and not theoretical."  Id.  Further, "'[i]rreparability of injury is a very high standard.'"  Varicon International v. Office of Personnel

Management, 934 F. Supp. 440, 447 (D.D.C. 1996) (quoting American Coastal Line Joint Venture, Inc. v. United States Lines, Inc., 580 F. Supp. 932, 936 (D.D.C. 1983)).  Purely economic harm generally is insufficient to constitute "irreparable harm" justifying the issuance of a preliminary injunction.  As explained in Gulf Oil Corp. v. Department of Energy, 514 F. Supp. 1019, 1026 (D.D.C. 1981), the potential economic injury "must be more than simply irretrievable; it must also be serious in terms of its effect on the plaintiff."  See Mylan Pharmaceuticals, Inc. v. Thompson, 139 F. Supp. 2d 1, 27 (D.D.C. 2001) (quoting Gulf Oil Corp.); McGregor Printing Corp. v. Kemp, 811 F.Supp. 10, 14 (D.D.C. 1993) (same); Coca-Cola Bottling Co. v. Coca-Cola Co., 563 F. Supp. 1122, 1141 (D. Del. 1983) (holding that "the irrevocable loss must be special, peculiar or work an onerous hardship").  In commercial contexts, "[r]ecoverable monetary loss may constitute irreparable harm only where the loss threatens the very existence of the movant's business."  Wisconsin Gas Co., 758 F.2d at 674; see also Vencor Nursing L.P. v. Shalala, 63 F. Supp. 2d 1 (D.D.C. 1999) (monetary loss alone accorded little or no weight in analyzing irreparable harm); Nichols v. A.I.D., 18 F. Supp. 2d. 1 (D.D.C. 1998).

Plaintiff's claim of irreparable harm fails to meet these standards for the simple reason that plaintiff's application does not identify any irreparable harm occasioned by defendant USPTO.  Plaintiff only alleges harms caused by the alleged plot masterminded by an Assistant U.S. Attorney in another District who is not a party to the instant case.

To the extent plaintiff's allegations may be construed to allege irreparable harm concerning the underlying complaint against the USPTO, any alleged harm concerning the patent plaintiff seeks is entirely speculative.  In sum, plaintiff cannot meet her burden of demonstrating

-6-

irreparable harm.

**D.     The Balance of Harms Weighs Against Plaintiff's Request for Injunctive Relief**

Since plaintiff's application for physical protection and financial relief is premised upon actions of a third party, the balance of harms weighs against plaintiff's request for injunctive relief against defendant USPTO.

**E.     The Public Interest Weighs Against a Grant of Injunctive Relief**

Plaintiff's failure to even allege the USPTO's involvement in the alleged plot clearly establishes an overriding public interest in denying Plaintiff's request for a restraining order  and preliminary injunctive relief against the USPTO.

**F.     The Status Quo Should Not Be Altered By the Issuance of a Mandatory Injunction**

A final basis for denying Plaintiff's motion is that it is seeking, as part of its relief, "financial relief" or money from the USPTO.  That relief would not maintain the status quo, but irretrievably alter it.  Because Plaintiff is attempting to force the government to take an affirmative action, Plaintiff's motion "faces an additional hurdle."  See Mylan Pharmaceuticals, Inc., 81 F. Supp. 2d at 36.  In this Circuit, "the power to issue a preliminary injunction, especially a mandatory one, should be sparingly exercised."  Dorfmann v. Boozer, 414 F.2d 1168, 1173 (D.C. Cir.1969); Stanley v. University of Southern Cal., 13 F.3d 1313, 1319 (9th Cir. 1994) ("[W]here a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction.").  The purpose of a preliminary injunction is to "preserve the relative positions of the parties until a trial on the merits can be held."  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981);  Columbia Children's Hosp. for Women Found., Inc. v. Bank of Tokyo-Mitsubishi,

Ltd., 15 F. Supp. 2d 1, 4 (D.D.C. 1997), aff'd, 159 F.3d 636 (D.C. Cir. 1998).  Here, issuance of

an injunction would not "preserve the relative positions of the parties."

## V.  CONCLUSION

Based upon the foregoing, Defendant respectfully requests that Plaintiff's application be

dismissed for lack of subject matter jurisdiction, and that Plaintiff's request for a temporary

restraining order and preliminary injunctive relief be denied.

Respectfully Submitted,

_____/s/_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

_____/s/_____
RHONDA C. FIELDS
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W.
Washington, D.C.  20530
202/514/6970
Facsimile: (202) 514-8780

*Of Counsel*:
Stephen Walsh
Acting Solicitor, U.S. Patent and Trademark Office

Benjamin D. M. Wood
Joseph G. Piccolo
Associate Solicitors

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of April, 2008, a copy of the foregoing opposition was mailed, postage prepaid to plaintiff pro se

FAYE ZHENGXING
3736 10th Avenue
Apartment 2H
New York, NY 10034

and

FAYE ZHENGXING
20 Chesapeake Street, S.E.
Apt.  33
Washington, D.C. 20032

_____/s/_____
Rhonda C. Fields
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

FAYE ZHENGXING,                                    )
                                                   )
                              Plaintiff,           )
                                                   )
        v.                                         )          Civil Action No. 07-1918 (RWR)
                                                   )
UNITED STATES PATENT                               )
AND TRADEMARK OFFICE,                              )
                                                   )
                                                   )
                              Defendant.           )
_____)


ORDER

        Upon consideration of plaintiff's application for a temporary restraining order and

preliminary injunction for immediate physical protection and financial relief, and defendant's

response thereto, it is hereby

        ORDERED that the application is DENIED.


Date: _____                _____
                           UNITED STATES DISTRICT COURT JUDGE