UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                               )
**FAYE ZHENGXING,**            )
                               )
       **Plaintiff,**    )
                               )
       **v.**            )
                               )  Civil Action No. 07-1918 (RWR)
**U.S. PATENT & TRADEMARK**    )
**OFFICE,**                    )
                               )
       **Defendant.**    )
_____)

### MEMORANDUM OPINION

Faye Zhengxing brought this action for damages against the United States Patent and Trademark Office ("PTO") alleging that the PTO intentionally abandoned her patent application. The PTO has moved under Federal Rule of Civil Procedure 12(b)(1) to dismiss the complaint asserting that the court lacks subject matter jurisdiction because Zhengxing did not exhaust her administrative remedies as is required under the Federal Tort Claims Act ("FTCA"). Because Zhengxing's claim is one cognizable under the FTCA,[1] and she has not exhausted her administrative remedies, the PTO's motion to dismiss will be granted.[2]

---

[1] Because Zhengxing's claim is a tort claim, this opinion will not address the PTO's argument that if her claim is a non-tort claim, it is within the exclusive jurisdiction of the Court of Federal Claims.

[2] Zhengxing has also moved for summary judgment and for a preliminary injunction. Because subject matter jurisdiction is lacking, these motions will be denied as moot.

## BACKGROUND

Zhengxing filed a patent application with the PTO. (Compl. at 2.) Her application was later published and she worked with the PTO to revise the application's claims. (Id. at 3.) After Zhengxing submitted her amended claims, a PTO examiner informed her by telephone that the application had "passed the examination." (Id. at 4.) Over the next two years, the PTO did no processing of her application. (Pl.'s Mem. of P. & A. in Opp'n to Def.'s Mot. to Dismiss ("Pl.'s Opp'n"), Ex. at 1.) Zhengxing contacted a PTO examiner regarding what she viewed as the PTO's unlawful abandonment and delay. The examiner responded that a final decision on her application had not been made, and required further revisions of Zhengxing's application. Zhengxing later submitted a "Petition to [the] Director"[3] on July 31, 2007 to investigate her case, certify her patent, and provide compensation of either $50 million or $450 million for abandoning and delaying the application, and for improperly requiring additional revisions to it. (Compl. at 9; Pl.'s Opp'n, Ex. at 1, 10-11.) Bruce Kisliuk, Director of the Technology Center 1600 at the PTO, denied her petition on September 28, 2007, deeming the required revisions to be proper. (Compl., Ex. 16 at 3.) She

---

[3] The PTO claims Zhengxing submitted the petition to the Director of the center in the PTO in which her application was being examined, not to the Director of the PTO. (Def.'s Mem. of P. & A. in Support of Def.'s Mot. to Dismiss ("Def.'s Mem.") at 11.)

-3-

alleges that the PTO improperly handled her petition because the denial addressed the required revisions instead of her unlawful abandonment and delay claim, and came from Kisliuk instead of the Director of the PTO. (Id. at 9; Pl.'s Opp'n at 10-11.) Zhengxing filed suit on October 24, 2007.

The PTO has moved for dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction, claiming that Zhengxing did not exhaust her administrative remedies as is required by the FTCA. (Def.'s Mem. of P. & A. in Support of Def.'s Mot. to Dismiss ("Def.'s Mem.") at 1.) Zhengxing opposes the PTO's motion to dismiss, claiming that jurisdiction exists, that her claim is not a tort claim, and that she has exhausted her administrative remedies. (Pl.'s Opp'n at 6, 9.)

## DISCUSSION

Rule 12(b)(1) authorizes dismissal of a complaint for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). "'[T]he plaintiff bears the burden of establishing that the court has subject-matter jurisdiction.'" Smith v. Harvey, 541 F. Supp. 2d 8, 12 (D.D.C. 2008) (quoting Shuler v. United States, 448 F. Supp. 2d 13, 17 (D.D.C. 2006)). A court considering such a motion must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. Koutny v. Martin, 530 F. Supp. 2d 84, 87 (D.D.C. 2007). "Because subject-matter jurisdiction focuses on the

-4-

court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion." Jin v. Ministry of State Sec., 475 F. Supp. 2d 54, 60 (D.D.C. 2007).

Zhengxing asserts that subject matter jurisdiction under the FTCA need not be established.  She argues that her claim is an intellectual property claim, not a tort claim, and 28 U.S.C. § 1338(a) gives the court subject matter jurisdiction over her claim.  (Pl.'s Opp'n at 1-2, 12.)  Section 1338(a) offers Zhengxing no aid.  It establishes jurisdiction over any civil action arising under any act of Congress relating to patents. Zhengxing cites to no Congressional statute relating to patents that authorizes a patent applicant to sue the PTO for damages for its handling of the application.  Section 1338(a) does not do so, nor does it create any cause of action at all, Mead Corp. v. United States, 490 F. Supp. 405 (D.D.C. 1980), or waive the United States' sovereign immunity to authorize an action against the government.  See Turton v. United States, 212 F.2d 354, 355 (6th Cir. 1954).  See also Council on Am. Islamic Relations v. Ballenger, 444 F.3d 659, 666 (D.C. Cir. 2006) (stating that "[s]overeign immunity bars suits against the United States absent an explicit and unequivocal waiver").

The FTCA, on the other hand, waives the government's sovereign immunity to allow "a claim against the United States

-5-

for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2675. See also Sloan v. HUD, 236 F.3d 756, 759 (D.C. Cir. 2001) (stating that "[t]he FTCA grants federal district courts jurisdiction over claims arising from certain torts committed by federal employees in the scope of their employment, and waives the government's sovereign immunity from such claims"). Zhengxing's complaint seeks "$450 million in damages to cover tremendous mental anguish and psychological trauma and justified high punitive damages caused by Defendant's outrageous violation of patent law, in addition to the real sale value of the invention." (Compl. at 2.) Zhengxing's claim is for money damages against the United States for the wrongful acts of abandoning and delaying her application committed by an employee acting within the scope of his employment and thus falls within § 2675. (See id. at 2-10.) See also Eastridge v. United States, Civil Action No. 06-448 (CKK), 2007 WL 495797, at *12 (D.D.C. Feb. 12, 2007) (finding that even though the plaintiff argued otherwise, the wrongful death claims, based on allegations that the defendant's wrongful or negligent acts were the direct and proximate cause of the injury, "fit squarely within the ambit of claims cognizable under the FTCA"); Schneider v. Kissinger, 310 F. Supp. 2d 251, 269-270

-6-

(D.D.C. 2004) (noting that the issue is not "whether the complaint was explicitly based on FTCA jurisdiction but whether that pleading advanced claims" that fit within 28 U.S.C. § 2675(a)).

An FTCA claim cannot be brought "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.  The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."  28 U.S.C. § 2675.  Presentment is satisfied if a plaintiff meets "a burden of 'minimal notice' by submitting to the appropriate agency a written statement 'sufficiently describing the injury to enable the agency to begin its own investigation' and containing a 'sum-certain damages claim.'" Tsaknis v. United States, 517 F. Supp. 2d 295, 298-99 (D.D.C. 2007) (quoting GAF Corp. v. United States, 818 F.2d 901, 920 (D.C. Cir. 1987)).  Because the FCTA is a limited waiver of the United States' sovereign immunity, exhaustion of administrative remedies is required for the court to have subject matter jurisdiction.  See McNeil v. United States, 508 U.S. 106, 113 (1993) (stating that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their

administrative remedies"); Simpkins v. Dist. of Columbia Gov't, 108 F.3d 366, 370-71 (D.C. Cir. 1997) (stating that because the plaintiff did not file an administrative claim with the agency, the court lacked jurisdiction and the FTCA claims should be dismissed without prejudice); Wasserman v. Rodacker, Civil Action No. 06-1005 (RWR), 2007 WL 2071649, at *2 (D.D.C. July 18, 2007) (stating that "FCTA's exhaustion of administrative remedies requirement is a 'jurisdictional prerequisite'" (quoting Alexander v. United States, Civil Action No. 06-1190 (EGS), 2006 WL 2788993, at *2 (D.D.C. Sept. 26, 2006))). The FTCA's administrative exhaustion requirements allow an agency an opportunity to "investigate and ascertain the strength of a claim and . . . determine whether settlement or negotiations to that end are desirable." GAF Corp., 818 F.2d at 920. See also Odin v. United States, 656 F.2d 798, 805-06 (D.C. Cir. 1981) (noting the presentment requirement was intended to "expedite the fair settlement of tort claims asserted against the United States" (internal quotation marks omitted)).

"Administrative claims against the [PTO] filed pursuant to the administrative claims provision of the Federal Tort Claims Act (28 U.S.C. § 2672) and the corresponding Department of Justice regulations (28 CFR Part 14) shall be filed with the

-8-

General Counsel as indicated in [37 C.F.R.] § 104.2."[4]  37 C.F.R. § 104.41.  Section 104.41 creates a process for the PTO to obtain notice of a potential tort claim and to start an investigation.  The PTO asserts that Zhengxing did not present a tort claim to the General Counsel as the PTO's regulation requires.  (Def.'s Mem., Ex. 1 at 1.)  Zhengxing does not assert that she filed a tort claim with the General Counsel (see Pl.'s Opp'n at 10 (stating that "[p]laintiff filed the [p]etition to Director")) or provide a valid reason for not doing so.  Instead, Zhengxing appears to contend that she raised her unlawful abandonment claim by petition under the administrative process set forth in 37 C.F.R. § 1.181[5] and that should have been sufficient.  (Id. at 10-11.)  Section 1.181 allows the PTO Director to review certain

---

[4] Section 104.2 of Title 37 of the Code of Federal Regulations provides a telephone number, mailing address, and service address for the PTO's Office of the General Counsel.

[5] Under 37 C.F.R. § 1.181, a petition may be taken to the Director of the PTO:

> (1) From any action or requirement of any examiner in the ex parte prosecution of an application, or in the ex parte or inter partes prosecution of a reexamination proceeding which is not subject to appeal to the Board of Patent Appeals and Interferences or to the court; (2) In cases in which a statute or the rules specify that the matter is to be determined directly by or reviewed by the Director; and (3) To invoke the supervisory authority of the Director in appropriate circumstances.  For petitions involving action of the Board of Patent Appeals and Interferences, see § 41.3 of this title.

-9-

decisions made by an examiner in processing an application.  37 C.F.R. § 1.181.  See also Star Fruits S.N.C. v. United States, 393 F.3d 1277, 1284 (Fed. Cir. 2005) (involving the Director's decision regarding a petition filed under § 1.181).  The FTCA's presentment requirement was not "intended to set up a labyrinth of procedural rules and niceties in which one false step would deprive injured citizens of the relief Congress intended to grant them."  Odin, 656 F.2d at 806.  As minimal notice is what is required, partial noncompliance with an agency's regulation pertaining to presentment is not always determinative of whether a petition could satisfy the presentment requirements.  See GAF Corp., 818 F.2d at 920 (noting that Congress did not delegate to the agencies the power to determine the court's jurisdiction and "the sufficiency of presentments for jurisdictional purposes remains a matter for courts to determine in light of the statutory framework").  Zhengxing's pro se petition arguably could be read as providing notice of her FTCA claim to allow the PTO to begin its investigation even though the petition was addressed to the Director instead of the General Counsel and appealed the examiner's actions and requirements under § 1.181 rather than § 104.41.

However, even if her petition satisfied the presentment requirement, Zhengxing filed this action prematurely because she did not receive or wait for a final agency denial.  For FTCA

claims, "[o]nly a decision of the [PTO] Director or the General Counsel regarding settlement or denial of any claim under this subpart may be considered final for the purpose of judicial review." 37 C.F.R. §§ 104.1, 104.42.  Zhengxing's petition was denied by neither the General Counsel nor the Director of the PTO as is required by § 104.42 to make the decision final for judicial review.  See 28 U.S.C. § 2675(a) (requiring that the claim be "finally denied by the agency in writing and sent by certified or registered mail").

Zhengxing suggests that because the PTO misconstrued the nature of her petition, her submission intended for the Director of the PTO should be interpreted as a sufficient exhaustion of remedies.  (Pl.'s Opp'n at 10-12.)  Zhengxing's intention that she receive a response from the PTO Director cannot convert Kisliuk's response into a final agency decision for purposes of establishing jurisdiction.  Totten v. Norton, 421 F. Supp. 2d 115, 122 (D.D.C. 2006) (stating that the "[f]ailure to fully comply with these mandatory administrative steps deprives the Court of jurisdiction to hear a tort claim against the federal government").  Zhengxing does not otherwise demonstrate how the denial letter she received from the Director of Technology Center 1600 could constitute a final agency decision.  While the PTO Director can delegate the determination of a § 1.181 petition to Kisliuk, 37 C.F.R. § 1.181(g); see also PTO Manual of Patent

Examining Procedure ("MPEP")[6] §§ 1001.01, 1002, 1002.02(c) (listing the types of petitions to be decided by the Technology Center Directors by delegation pursuant to § 1.181(g)), and Zhengxing asserts that her petition to the Director was delegated to Kisliuk here (see Compl., Ex. 16 (noting Kisliuk's response to Zhengxing's petition to the Director)), the MPEP does not treat the determinations made by Technology Center Directors under MPEP § 1002.02(c) as final agency decisions.  MPEP § 1002.02 (stating that "[i]n any case in which the authority to decide the petition has been delegated [to the Office of the Deputy Commissioner for Patent Examination Policy, the Chief Administrative Patent Judge of the Board of Patent Appeals and Interferences, Administrative Patent Judges, the Board of Patent Appeals and Interferences, and the Deputy Director of the PTO], a denial of a petition may be viewed as a final agency decision").  "Petitions to review a decision of [a] Technology Center Director" are decided by the Office of the Deputy Commissioner for Patent Examination Policy

---

[6] MPEP is "commonly relied upon as a guide to patent attorneys and patent examiners on procedural matters." Mollins PLC v. Textron, Inc., 48 F.3d 1172, 1180 n.10 (Fed. Cir. 1995) (internal quotation marks omitted).  MPEP "does not have the force of law, [but] it is entitled to judicial notice as an official interpretation of statutes or regulations as long as it is not in conflict therewith." Id.  The Federal Circuit has noted that the "PTO operates in accordance with detailed rules and regulations, including those set out in the [MPEP] which is made available to the public and which has been held to describe procedures on which the public can rely." Patlex Corp. v. Mossinghoff, 758 F.2d 594, 606 (Fed. Cir. 1985).

-12-

which issues the final agency decision under MPEP § 1002.02.  Id. § 1002.02(b); see also John Gladstone Mills et al., Patent Law Basics § 15:43 (2007) (stating that "[a]n applicant whose petition has been denied or dismissed by a Group Director may have further review within the [PTO] by filing another petition for reconsideration with the Office of Petitions").[7]  The MPEP, then, does not suggest that Kisliuk's determination was a final agency decision.

Moreover, by filing this action only three months after submitting her July 31, 2007 petition, Zhengxing failed to wait the required six months under the FTCA before deeming the absence of a final agency decision to be a final decision entitling her to sue.  Because Zhengxing did not exhaust her administrative remedies before she filed this action, the court lacks subject matter jurisdiction.

## CONCLUSION

Whether or not Zhengxing adequately presented an administrative claim to the PTO, she did not receive an actual or constructive final agency decision before filing suit.  As she has not satisfied the requirements of 28 U.S.C. § 2675 to establish jurisdiction over her FTCA claim, Zhengxing's complaint

---

[7] The Deputy Commissioner for Patent Examination Policy "provides administrative oversight to and coordinates the activities of" the Office of Petitions.  See United States Patent and Trademark Office, http://www.uspto.gov/web/offices/pac/dapp/ (last visited Sept. 23, 2008).

-13-

will be dismissed.  An appropriate Order accompanies this Memorandum Opinion.

SIGNED this 30th day of September, 2008.

                              /s/
                              RICHARD W. ROBERTS
                              United States District Judge